UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN L. KELLY,

Plaintiff,

v.

SOPHIE LORETTA QUAIL and DIANE E. QUAIL,

Defendants

**DECISION AND ORDER**

25-CV-6284 CDH

## BACKGROUND

Plaintiff Brian L. Kelly ("Plaintiff") commenced this personal injury action in New York Supreme Court, Monroe County, asserting a claim of negligence against defendants Sophie Loretta Quail and Diana E. Quail (collectively "Defendants"). (Dkt. 1-1). Defendants subsequently removed the action to this Court under 28 U.S.C. § 1441. (Dkt. 1).

On August 24, 2026, counsel for Plaintiff, Edwin R. Lawson, Esq. ("Attorney Lawson") emailed a letter to the Court, copying counsel for Defendants, stating that Plaintiff had passed away. Attorney Lawson indicated that his firm was "taking the necessary steps to establish the proper successor in interest and/or representative of [Plaintiff's] estate," and that a motion for substitution pursuant to Federal Rule of Civil Procedure 25 would be forthcoming.

On October 19, 2026, Attorney Lawson filed a letter explaining that he had "since become aware that emailing the [August 24, 2026] letter did not place a formal

statement noting death on the docket," and that he was filing this second letter "to clarify the record." (Dkt. 31 at 1). Attorney Lawson also reiterated that a motion for substitution was forthcoming. (*Id.*).

On October 23, 2026, Carol M. Kelly ("Ms. Kelly"), Plaintiff's surviving spouse, filed a motion to substitute herself, as administratrix of Plaintiff's estate, in place of Plaintiff. (Dkt. 32). Attorney Lawson states that he is counsel for Ms. Kelly, as administratrix of Plaintiff's estate. (Dkt. 32-1 at ¶ 1). Attorney Lawson further states that counsel for Defendants does not oppose the motion for substitution. (*Id.* at ¶ 11).[1]

## DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) permits substitution of a party for a deceased party if: (1) the claim of the deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

### I. Survival of Claims

For claims arising under state law, "a claim survives a litigant's death 'if applicable state law creates a right of survival.'" *Eng. v. Murphy-Lattanzi*, No. 12-CV-419 JS SIL, 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015) (quoting *Barrett v. United States,* 689 F.2d 324, 331 (2d Cir. 1982)). Under New York law, "[n]o cause of action for injury to person or property is lost because of the death of the person in

---

[1] In addition to the motion for substitution, there is a motion to compel filed by Defendants that is pending before the Court. (Dkt. 25). The Court will resolve Defendants' motion to compel in due course.

whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent[.]" N.Y. Est. Powers & Trusts Law § 11-3.2(b). Here, Plaintiff's negligence claim is for injuries to his person. Plaintiff's claim therefore survives his death.

## II. Proper Party for Substitution

A "proper party" for substitution is either "(1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011). Under New York law, a representative is "a person who has received letters to administer the estate of a decedent." N.Y. Est. Powers & Trusts Law § 1-2.13.

In support of her motion, Ms. Kelly has submitted Letters issued by the Monroe County Surrogate's Court that authorize her to administer Plaintiff's estate. (Dkt. 32-6; Dkt. 32-7). Accordingly, Ms. Kelly has shown that she is a lawfully designated representative and a proper party for substitution in her capacity as administratrix of Plaintiff's estate.

## III. Timeliness of Motion

Rule 25(a)(1) provides that a motion for substitution must be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). The statement noting the deceased party's death must be served on the parties as

provided for in Rule 5. *Id.*; *see also Wang v. Shun Lee Palace Rest.*, No. 17-CV-840 (VSB) (VF), 2025 WL 33482, at *2 (S.D.N.Y. Jan. 3, 2025) ("To trigger the 90-day period, the statement of death must be formally served on the relevant parties."); *Essani v. Earley*, No. 13CV3424JMASIL, 2017 WL 3432192, at *3 (E.D.N.Y. Aug. 9, 2017) ("[P]roper service is an inescapable requirement for the running of the 90-day period under Rule 25.").

Here, Attorney Lawson filed a letter on October 19, 2026, noting Plaintiff's death. (Dkt. 31). Under Rule 5(b)(2)(E), the filing of this letter on CM/ECF constituted service on Defendants. *See* Fed. R. Civ. P. 5(b)(2)(E). Ms. Kelly's motion for substitution was then timely filed on October 23, 2026. (Dkt. 32).

To clear up some apparent uncertainty, the significance of the filing of the October 19, 2026 letter on CM/ECF was not that it "place[d] a formal statement noting death on the docket" (Dkt. 31 at 1), but rather that it effectuated service of the statement on Defendants under Rule 5. Email can also constitute proper service under Rule 5 to the extent that the party being served has consented in writing to service by email. *See* Fed. R. Civ. P. 5(b)(2)(E) (providing for service by "sending it by other electronic means that the person consented to in writing"). But in the absence of evidence that defense counsel so consented, Attorney Lawson's emailing of the August 24, 2026 letter could not have triggered the 90-day period to file the substitution motion. In any event, as Ms. Kelly notes (*see* Dkt. 32-8 at 6), her motion for substitution would be timely even if the Court were to calculate the 90-day period from August 24, 2026.

## CONCLUSION

For the foregoing reasons, Ms. Kelly's motion for substitution (Dkt. 32) is granted. The Clerk of Court is respectfully instructed to amend the case caption and substitute Carol M. Kelly, as Administratrix of the Estate of Brian L. Kelly, Deceased, in place of Plaintiff.

SO ORDERED.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
October 28, 2026